**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEW HAMPSHIRE**

U.S. DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

MAY 20 2015

**FILED**

| | |
|---|---|
| JOY E. GONZALEZ,<br><br>an individual;<br><br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO HOME MORTGAGE, a<br>Delaware corporation; REAL TIME<br>RESOLUTIONS, INC., a Texas Corporation;<br>DOES 1 through 10, INCLUSIVE,<br><br>Defendant. | JURY REQUESTED<br><br><br><br>CIVIL NO: _____ |

COMES NOW, Plaintiff JOY E. GONZALEZ (hereinafter "Plaintiff" or "Gonzalez") *pro se* and for her complaint against Defendant WELLS FARGO HOME MORTGAGE (hereinafter "Defendant" or "Wells Fargo") and REAL TIME RESOLUTIONS, INC. (hereinafter "Defendant" or "Real Time").  Wells Fargo is a party to the National Mortgage Settlement and is obligated to follow fair practices with respect to the modification of loan modifications.  Plaintiff requests the Court compel Defendant to honor its obligations under the National Mortgage Settlement by properly processing the Plaintiff's loan modification documents and ceasing its foreclosure proceedings with respect to Plaintiff's home.  Wells Fargo has violated the terms of the National Mortgage Settlement and as a result, Plaintiff has being wrongfully deprived of an opportunity to pay her mortgage loans, pursue foreclosure alternatives, and save her home.

1

Defendants' actions frustrate the purpose of HAMP and are illegal under the laws of New Hampshire.

## JURISDICTION

1. The Court has jurisdiction pursuant to 28 U.S.C. § 1332 because the action is between parties that are citizens of different states and the amount in controversy is greater than $75,000.

2. Venue is proper in this Court pursuant to 28 U.S.C. 1391(b) inasmuch as the unlawful practices are alleged to have been committed in this District, Defendant regularly conduct business in this District, and Plaintiff resides in this District.

## PARTIES

3. Plaintiff is an individual residing at 13 Upland Drive, Franklin, New Hampshire 03235 (hereinafter "Subject Property") in the County of Merrimack.

4. At all times herein mentioned, Defendant, Wells Fargo, is and was, a Delaware Corporation, with headquarters and a principle place of business in California, and at all times herein mentioned was conducting ongoing business in the state of New Hampshire and claims an interest adverse to the right, title and interests of Plaintiff in Subject Property. At all relevant times, America's Servicing Company (hereinafter "ASC) is a subdivision of Wells Fargo.

5. At all times herein mentioned, Defendant, Real Time, is and was, a Texas Corporation, with a principle place of business in Texas, and at all times herein mentioned was conducting ongoing business in the state of New Hampshire and claims an interest adverse to the right, title and interests of Plaintiffs in Subject Property.

## THE HOME AFFORDABLE MODIFICATION PROGRAM

6. On October 3, 2008, Congress passed the Emergency Economic Stabilization Act of 2008, which was later amended with the American Recovery and Reinvestment Act of 2009 on February 17, 2009 (collectively, the "Act").

7. The Act granted the Secretary of the Treasury the authority to restore stability to the financial system, and ensured that this authority is used to protect home values and preserve homeownership.

8. The Act gave the Secretary of the Treasury the authority to establish the Troubled Asset Relief Program, (hereinafter, "TARP").

9. Congress provided up to $700 billion to the United States Department of the Treasury for funding TARP.

10. The Act required that the Secretary take into consideration the "need to help families keep their homes and to stabilize communities."

11. Furthermore, The Act required that the Secretary "maximize assistance for homeowners" and use its authority over servicers to "minimize foreclosures."

12. On February 18, 2009, the Treasury Secretary and the Director of the Federal Housing Finance Agency announced the Making Home Affordable program (hereinafter, "HAMP").

13. HAMP creates and implements uniform loan modification procedures and is funded by the federal government with TARP funds. At least $75 billion has been allocated to HAMP.

14. Under HAMP, the federal government provides incentives to participating loan servicers to enter into agreements with struggling homeowners that will make modifications to existing mortgage obligations in order to make the homeowner's monthly payments more affordable to the homeowner.

## HAMP VIOLATIONS AND THE NATIONAL MORTGAGE SETTLEMENT

15. Aware of the reprehensible practices taking place by mortgage lenders and loan servicers, 49 state attorney generals and the federal government took action against the nation's largest service providers, including Wells Fargo.  In February of 2012, a settlement was reached. The settlement, known as The National Mortgage Settlement, was the largest consumer financial protection settlement in the history of the United States (hereinafter, "The NMS").

16. The NMS addressed many violations of law committed by Wells Fargo and the nation's largest lenders, as well as provided widespread relief to borrowers of these institutions, including restitution payments to those that wrongfully lost their homes to foreclosure at the hands of these lending institutions.

17. On April 4, 2012, a consent order agreeing to the terms of the NMS (which essentially has the same effect as a court order) was signed by Wells Fargo and filed in the United States District Court for the District of Columbia.

## JOY E. GONZALEZ, WELLS FARGO, AND REAL TIME

18. Plaintiff resides in Subject Property and America's Servicing Company (hereinafter "ASC"), a subsidiary of Wells Fargo Home Mortgage) is the servicer of the mortgage loan attributed to Subject Property.  Real Time maintains a second mortgage on Subject Property.

19. On or about October of 2013, Plaintiff began experiencing various financial hardships that caused her to have difficulty making payments on her mortgage loan.  This financial hardship resulted in Plaintiff falling behind on her payments. Plaintiff made a request to ASC, a

4

subdivision and agent of Wells Fargo, for mortgage assistance and submitted the proper documentation for requesting a loan modification.

20. On or about October 30, 2013, ASC sent a response to Plaintiff indicating that Plaintiff's request was denied.  ASC did not state the basis for the denial and did not make any indication that Plaintiff's file was actually reviewed.  A true and correct copy of ASC's response is attached hereto as Exhibit 1.

21. On November 1, 2013, Plaintiff, through Plaintiff's authorized agent, sent a "qualified written request" to ASC pursuant the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605(e) (hereinafter "QWR").  QWR sought specific and itemized information about the accounting and servicing of Mortgage and Note, disputing the validity of the debt associated with Mortgage and Note, and requesting a validation of the debt associated with Mortgage and Note, among other things.  A true and correct copy is attached herein as Exhibit 2.

22. On or about November 22, 2013, Wells Fargo, through its agent, sent Plaintiff a Notice of Default.  A true and correct copy is attached herein as Exhibit 3.

23. On or about April 14, 2014, Plaintiff sent a complaint to the New Hampshire Attorney General alleging Wells Fargo's violations of the NMS in refusing to process Plaintiff's loan modification application. A true and correct copy is attached herein as Exhibit 4.  Plaintiff also filed a complaint with the Department of Justice and made similar allegations against Wells Fargo.

24. On or about May of 2014, Plaintiff made an additional request to ASC for mortgage assistance and submitted the proper documentation for requesting a loan modification.

25. On or about November 14, 2013, the Department of Justice (hereinafter "DOJ") acknowledged receipt of Plaintiff's complaint against Wells Fargo. The DOJ indicated that Wells Fargo was bound by the terms of the NMS. A true and correct copy is attached herein as Exhibit 5.

26. On or about December of 2013, Plaintiffs increasing hardships forced her to file for Chapter 7 Bankruptcy protection. Following the bankruptcy court's imposition of the automatic stay on client's behalf, Wells Fargo and Real Time attempted to collect upon the debt in violation of 11 U.S.C. Section 362. Following the bankruptcy court's imposition of the automatic stay on client's behalf, Wells Fargo and Real Time charged Plaintiff interest with respect to her debt in violation of 11 U.S.C. Section 362. A bankruptcy discharge was granted to Plaintiff on March 5, 2014. A true and correct copy is attached herein as Exhibit 6.

27. Following their bankruptcy discharge, Plaintiff continued to make numerous requests to Defendant for a loan modification.

28. To date, Defendant has failed to process Plaintiff's loan modification application pursuant the terms of the NMS.

29. To date, Defendant has refused to respond to Plaintiff's QWR as required by 12 U.S.C. §2605.

### COUNT I
### VIOLATION OF REAL ESTATE SETTLEMENT
### PROCEDURES ACT (RESPA), 12 U.S.C. §2605
### (Wells Fargo)

30. Paragraphs 1 through 29 are realleged as though fully set forth herein.

31. Defendant Wells Fargo was at all relevant times a servicer of a federally related mortgage loan within the meaning of the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. §2605.

32. Defendant is a debt collector under the meaning of 12 U.S.C. §2605.

33. Plaintiff's written requests for information about her account and requests for validation were ''qualified written requests'' within the meaning of RESPA.

34. Defendant deliberately failed to respond in a proper and timely way to Plaintiff's ''qualified written requests'' for information about, and corrections to, his mortgage account, in violation of 12 U.S.C. §2605(e).

35. WHEREFORE, Plaintiff demands judgment against Wells Fargo for actual, statutory, treble and/or punitive damages, and attorney's fees and costs, along with any other and further relief as the court deems just and proper, pursuant to 12 U.S.C. §2605.

## COUNT II
## FRAUD
### (Wells Fargo and Real Time)

36. Paragraphs 1 through 35 are realleged as though fully set forth herein.

37. Fraud occurs under any of the following circumstances: When there is an affirmative misrepresentation — the suggestion, as a fact, of that which is not true by one who does not believe it to be true; a concealment or half truth — the suppression of a fact, by one who is bound to disclose it or who gives information of other facts which are likely to mislead for want of communication of that fact; or a false promise — a promise made without any intention of performing it.

38. Fraud also occurs when a defendant makes an untrue representation of a material fact without a reasonable ground for its truth or in a manner not warranted by the available information. Such a representation must be made with the intent that the plaintiff would and did rely on it, to his or her detriment and harm.

39. In this matter, Defendants misrepresented material facts, knowing that its representations were false and by making their representations without reasonable grounds, with the intent that Plaintiff would rely on their misrepresentations, all to Plaintiff' harm.

40. These misrepresentations were made by Defendants through their employees and agents. Its misrepresentations were made by heretofore unidentified employees and agents of Defendant whose identities and specific capacities will be established by the discovery to be conducted in this case.

41. Defendants perpetrated their fraud in actions which included but were not limited to the following activities, and as described with specificity in the factual allegations of this claim:

    a. Deceptively telling Plaintiff that she could apply for and obtain a loan modification when Defendant had no intention of modifying the loan attributed to Subject Property.

    b. Deceptively leading Plaintiff to believe that Defendant was processing Plaintiff's loan modification documentation when in actuality Defendant was not processing Plaintiff's documentation.

    c. Deceptively leading Plaintiff telling Plaintiff that she did not qualify for a loan modification when in essence, Plaintiff did qualify for a loan modification.

    d. Deceptively attempting to collect debt payments from Plaintiff following the imposition of her bankruptcy's automatic stay in violation of 11 U.S.C. Section 362.

8

    e.  Deceptively attempting to charge Plaintiff interest on her debts following the imposition of her bankruptcy's automatic stay in violation of 11 U.S.C. Section 362.

42. Defendants intended Plaintiff to rely on its misrepresentations and omissions.

43. Plaintiff justifiably relied on Defendants' misrepresentations and omissions and Plaintiff suffered harm since Plaintiff has incurred court fees to enforce her legal rights and have suffered the slander of her representation due to the fact that a foreclosure has been attributed to her and reported to credit reporting agencies and bureaus.

### COUNT III
### VIOLATION OF FTC ACT, 15 U.S.C. § 45(a)
### (Wells Fargo and Real Time)

44. Paragraphs 1 through 43 are realleged as though fully set forth herein.

45. Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), prohibits "unfair or deceptive practices in or affecting commerce."

46. Misrepresentations or deceptive omissions of material fact constitute deceptive acts or practices prohibited by Section 5(a) of the FTC Act.

47. Defendants made deceptive omissions of material fact in the following manner:

    a.  Deceptively telling Plaintiff that she could apply for and obtain a loan modification when Defendant had no intention of modifying the loan attributed to Subject Property.

    b.  Deceptively leading Plaintiff to believe that Defendant was processing Plaintiff's loan modification documentation when in actuality Defendant was not processing Plaintiff's documentation.

    c.  Deceptively leading Plaintiff telling Plaintiff that she did not qualify for a loan modification when in essence, Plaintiff did qualify for a loan modification.

    d.  Deceptively attempting to collect debt payments from Plaintiff following the imposition of her bankruptcy's automatic stay in violation of 11 U.S.C. Section 362.

    e.  Deceptively attempting to charge Plaintiff interest on her debts following the imposition of her bankruptcy's automatic stay in violation of 11 U.S.C. Section 362.

48. Such omissions with the intent to deceive Plaintiff and induce Plaintiff's reliance upon the omissions.

49. Plaintiff justifiably relied on Defendants' omissions and deceptive practices and suffered damages as a result.

50. Defendants' statements were directly related to mortgage loans and thus affect commerce, falling within the scope of FTC Act, 15 U.S.C. § 45(a).

## COUNT IV
## VIOLATION OF NEW HAMPSHIRE'S CONSUMER PROTECTION ACT, RSA 358-A
### (Wells Fargo and Real Time)

51. Paragraphs 1 through 50 are realleged as though fully set forth herein.

52. New Hampshire's Consumer Protection Act prohibits misrepresentations, deception, fraud, false pretense, or false promises by suppliers in a consumer transaction.

53. Defendants made deceptive misrepresentations in the following manner:

    a.  Deceptively telling Plaintiff that she could apply for and obtain a loan modification when Defendant had no intention of modifying the loan attributed to Subject Property.

b. Deceptively leading Plaintiff to believe that Defendant was processing Plaintiff's loan modification documentation when in actuality Defendant was not processing Plaintiff's documentation.

c. Deceptively leading Plaintiff telling Plaintiff that she did not qualify for a loan modification when in essence, Plaintiff did qualify for a loan modification.

d. Deceptively attempting to collect debt payments from Plaintiff following the imposition of her bankruptcy's automatic stay in violation of 11 U.S.C. Section 362.

e. Deceptively attempting to charge Plaintiff interest on her debts following the imposition of her bankruptcy's automatic stay in violation of 11 U.S.C. Section 362.

54. Plaintiff has suffered damages as an actual and proximate cause of Defendants' actions. Plaintiff has been injured by virtue of Defendants' violations. Said injuries include, but are not limited to:

a. wrongful foreclosure proceedings;

b. increased fees and other costs to avoid or attempt to avoid foreclosure;

c. loss of savings in fruitless attempts to secure loan modifications;

d. loss of opportunities to pursue other refinancing or loss mitigation strategies; and

e. significant stress and emotional distress.

64. Defendants' conduct was and is willful or knowing within the meaning of RSA 358-A.

65. Plaintiff made demands to Wells Fargo for relief and Defendant's refusal to grant relief upon demand was and is in bad faith, with knowledge or reason to know that the act or practice complained of violated RSA 358-A.

**EQUITABLE ESTOPPEL**

66. Plaintiff repeats and re-alleges every allegation above as if set forth herein in full.

67. The essence of an estoppel is that the party to be estopped has by language or conduct led another to do that which he would not otherwise have done and as a result thereof that he has suffered injury. A person or entity may not deny the existence of a state of facts if he or she intentionally led another to believe a particular circumstance to be true and to rely upon such belief to her or her detriment.

68. The doctrine of equitable estoppel is based on the foundation of conscience and fair dealing.

69. Defendant should be estopped from asserting any right to foreclose upon or take possession of Subject Property for the following reasons:

   a. Defendants made certain misrepresentations to Plaintiff as described throughout this Complaint.

   b. Defendants intended Plaintiff to rely on their misrepresentation.

   c. Plaintiff justifiably relied on Defendants' misrepresentation and suffered harm as a proximate cause of Defendants' misrepresentation.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully requests the following relief:

   a. Enter a judgment declaring the acts and practices of Defendants complained of herein to constitute a breach of contract and a breach of the covenant of good faith and fair dealing, as well as a declaration that Wells Fargo is required by the doctrine of promissory estoppel to offer Plaintiff a permanent modification to Plaintiff.

b. Grant a permanent or final injunction enjoining Defendants' agents and employees, affiliates and subsidiaries from continuing to harm Plaintiff and continuing foreclosure activity;

c. Order specific performance of Defendants' contractual obligations together with other relief required by contract and law;

d. Award any actual and/or statutory minimum damages;

e. Award damages for emotional distress;

f. Award Plaintiff the costs of this action, including the fees and costs of experts, and any reasonable attorney's fees should Plaintiff retain counsel;

g. Award Plaintiff exemplary and punitive damages in a sum according to proof.

h. Grant Plaintiff such other and further relief as this Court finds necessary and proper.

### JURY TRIAL DEMANDED

Plaintiff demands a trial by jury on all triable issues.

Dated:  May 20, 2015                                    Respectfully submitted,


**JOY E. GONZALEZ**
Plaintiff Pro Se
13 Upland Drive
Franklin, New Hampshire 03235

# EXHIBIT 1

*AMERICA'S SERVICING CO.*
*RETURN MAIL OPERATIONS*
*PO BOX 10388*
*DES MOINES IA 50306-0388*



10/30/13

|ılıl||ıı|ı||ılı|ı|ı|ılıı|ı|||ıı|ılı|ıı|ılı|ıı|ılı|ıı|ılı|ı||ıı|ı

1MB       01184/001184/002319 0004   1 ACQWPSHP014 106

JOY E GONZALEZ
13 UPLAND DR
FRANKLIN, NH 03235-1546

| Account Information | |
|---|---|
| Online: | mortgageaccountonline.com |
| Fax: | 1-866-590-8910 |
| Telephone: | 1-866-234-8271 |
| Correspondence: | PO Box 10335 |
| | Des Moines, IA 50306 |
| Hours of operation: | Mon - Thurs, 7 a.m. - 9 p.m., |
| | Fri, 7 a.m. - 8 p.m., |
| | Sat, 8 a.m. - 4 p.m., CT |
| Loan number: | 1317008548 |
| Property address: | 13 Upland Dr |
| | Franklin NH 03235 |

Subject: Important update about your mortgage assistance

Dear Joy E Gonzalez:

As your home preservation specialist, I'm writing to inform you of changes in the status of your mortgage assistance and let you know what to expect going forward. I've been your primary contact, working to help you through the mortgage assistance process. Please understand that, at this time, I am not able to help you find a mortgage assistance solution.

For that reason, the normal collections process will resume if appropriate. This means you will begin receiving phone calls and notices from the collections department.  They will keep you informed of the process and also inquire about any changes in your financial situation.

If you have any questions, please call the phone number located in the account information box at the top of this letter.

Sincerely,

*Amanda Gilliam*

Amanda Gilliam
Home Preservation Specialist
America's Servicing Company
Ph: 1-866-234-8271
Fax: 1-866-590-8910

This communication is an attempt to collect a debt and any information obtained will be used for that purpose. However, if you have received a discharge of this debt in bankruptcy or are currently in a bankruptcy case, this notice is not intended as an attempt to collect a debt, and we have a security interest in the property and will only exercise our rights as against the property.

Wells Fargo Home Mortgage, doing business as America's Servicing Company, is a division of Wells Fargo Bank, N.A.
© 2013 Wells Fargo Bank, N.A. All rights reserved. NMLSR ID 399801





1061317008548HP014

HP014 106
001184/002319 ACQWPS S1-ET-M1-C001

# EXHIBIT 2



**Aggressive Credit & Mortgage Help.**
**You Deserve an Expert in Your Corner!**

November 1, 2013


America's Servicing Company
MAC Code X9999-01N
1000 Blue Gentian Road, Suite 300
Eagan, MN 55121


      RE:     JOY E GONZALEZ
             13 UPLAND DRIVE, FRANKLIN, NH 03235
             LOAN# 106-1317008548


To whom it may concern,

On July 5, 2013, our firm submitted a Qualified Written Request (QWR) to America's Servicing Company on behalf of our client, Joy E Gonzalez, that has yet to be responded to by America's Servicing Company.  Therefore, attached please find a copy of the original QWR that was previously submitted on July 5, 2013 for the above mentioned homeowner per the Real Estate Settlement Procedures Act (RESPA), codified as Section 2605 (e) of Title 12 of the United States Code.

Even though all requested documentation is pertinent in determining America's Servicing Company's ability to collect the debt from the borrower, please ensure that the following prioritized list of documentation is contained within the response to the QWR:

        ✓ ENFORCEABLE AND RECORDED COPY OF THE PERMANENT LOAN MODIFICATION
          AGREED UPON BY ALL PARTIES IN 2010
        ✓ CURRENT AND ENFORCEABLE PROMISSORY NOTE
        ✓ CURRENT AND ENFORCEABLE DEED
        ✓ ORIGINAL 1003 LOAN APPLICATION
        ✓ GOOD FAITH ESTIMATE
        ✓ HUD-1 SETTLEMENTS STATEMENT
        ✓ TRUTH IN LENDING DISCLOSURES STATEMENT



**Aggressive Credit & Mortgage Help.
You Deserve an Expert in Your Corner!**

In addition to the aforementioned requested documentation, please also furnish the Bailee Letter as required by the industry during the sale or transfer of debt along with any associated addendums to the promissory note (to include the allonge). The provisions set forth by TILA, 15 U.S.C. 1641 (f)(2), require the creditor, new owner or assignee of the debt to notify the borrower in writing of such a sale or transfer. Additionally and to further support the request, the Uniformed Commercial Code (UCC) also requires that "within 30 days of each assignment, transfer, or sell, the assignment of true sale must be recorded under States' statute. The dates of the allonge endorsement(s) and the notarized assignment(s) must match to prove true sales before a foreclosure can legally occur".

The final document request is pertaining to the Affidavit of Debt and we are requesting a copy be furnished to our office on behalf of the client by America's Servicing Company as required. All lending institutions and debtors are required to attach an Affidavit of Debt at the same time this loan was sold or transferred by or to your institution and per the FDCPA , this Affidavit must be provided by the seller with proper accounting on the payment history. If this debt has been sold multiple times, please provide an Affidavit for each sale or transfer as is required by federal and state law to prove up the validity of the mortgage debt.

We thank you in advance for your cooperation in this matter and ask that all requested documentation be forwarded to The Fresh Start Firm, LLC, PO BOX 71476, Phoenix, Arizona 85050.

Sincerely,

Timothy M. Stull

Cc/     Joy Gonzalez
        New Hampshire Attorney General
        U.S. Bank, N.A. BAFC 2007-3
        Bank of America



**Aggressive Credit & Mortgage Help**
**You Deserve an Expert in Your Corner!**

**American Servicing Company**
**P.O. Box 10388**
**Des Moines IA 50306-0328**

**7/5/13**

**Loan: 1317008548**

**Borrower Name(s): Ernesto and Joy Gonzalez**

**Property Address: 13 Upland Dr.**
 **Franklin NH 03235**

**RE: RESPA Qualified Written Request, Complaint, and Dispute of Debt and Validation of Debt Letter**

To whom it may concern,

We are writing to you to request specific itemized information about the accounting and servicing of the above mentioned mortgage and of the need for understanding and clarification of various charges, credits, debits, transactions, actions, payments, analyses and records related to the servicing of the above mentioned loan from its inception to the present date.

We are disputing the validity of the current debt, which your institution, alleges to be owed. To independently validate this debt, we need to conduct a complete exam, audit, review and accounting of the mentioned mortgage loan from its inception until the present date. Upon receipt of this letter, we request to refrain from reporting any negative credit information to any credit reporting agencies until you respond to our offices "requests."

We also request that you conduct your own investigation and audit of the above mentioned account since its inception to "validate" the debt you claim the homeowner owes you is accurate to the penny. Please do not rely on previous servicers or originators assurances or indemnity agreements and refuse to conduct a full audit and investigation of the loan.

We want to insure that our client has not been the victim of such predatory practices. To insure this, I have authorized a thorough review, examination, accounting and audit of the mortgage loan by our predatory lending experts. This exam and audit will review the mortgage loan file from the date of the initial contact, application and the origination of the loan to the present date written above.

As such, please treat this letter as a "Qualified Written Request" under the Real Estate Settlement Procedures Act, codified as Section 2605 (e) of Title 12 of the United States Code revision of under the Dodd Frank Wall Street Reform and consumer protection act written into law on 7/21/10.

**THE FRESH START FIRM, LLC**
**3240 East Union Hills Drive, Suite 137, Phoenix, Arizona 85050**
**Toll Free (877) 297-7011   Facsimile (877) 722-7177**



**Aggressive Credit & Mortgage Help**
**You Deserve an Expert in Your Corner!**

RESPA provides substantial penalties and fines for non-compliance or answers to our questions provided in this letter within twenty [20] days!

In order to conduct this examination and audit, we need to have full and immediate disclosure including copies of all pertinent information regarding the above referenced loan. The documents requested and answers to questions are needed by our firm and the predatory lending experts retained to insure that the loan:

- Was originated in lawful compliance with all federal and state laws, regulations including, but not limited to RESPA, HOEPA and other laws;

- That any sale or transfer of the loan was conducted in accordance with proper laws and was a "true sale" of the note;

- That the claimed holder in due course of the promissory note and deed of trust is holding such note in compliance with State and Federal laws and is entitled to the benefits of the payments;

- That all appropriate disclosures of terms, costs, commissions, rebates, kickbacks, fees etc. Were properly disclosed to the homeowner at the inception of the loan;

- That each servicer and sub-servicer of the mortgage has serviced the mortgage in accordance with the terms of the mortgage, promissory note and/or deed of trust;

- That each servicer and sub-servicer of the mortgage has serviced the mortgage in compliance with local, state and federal statutes, laws and regulations;

- That the loan has properly been credited, debited, adjusted, amortized and charged correctly;

- That interest and principal have been properly calculated and applied to the loan;

- That the principal balance has been properly calculated and accounted for;

- That no charges, fees or expenses, not obligated by the homeowner in any agreement, have been charged or assessed to or collected on the account;

In order to validate the debt and audit the account, we need copies of pertinent documents to be provided and answers in writing to various servicing questions to be sent to our firm and/or to the homeowner:

**3240 E. Union Hills Drive Ste. 137**
**Phoenix, Az. 85050**
**1.877.297.7011**
Fax- 1.877.722.7177

**THE FRESH START FIRM, LLC**
**3240 East Union Hills Drive, Suite 137, Phoenix, Arizona 85050**
**Toll Free (877) 297-7011   Facsimile (877) 722-7177**



**THE**
# FRESH START
F I R M

**Aggressive Credit & Mortgage Help.**
**You Deserve an Expert in Your Corner!**

For each record kept on computer or in any other electronic file or format, please provide a paper copy of "all" information in each field or record in each computer system, program or database used by you that contains any information on the account.

As such, please send to our office, at the address above, copies of the documents requested below as soon as possible. Please provide copies of:

1. All data, information, notations, text, figures and information contained in your mortgage servicing and accounting computer systems including, but not limited to Alltel's CPI system, any system by Alltell or any other similar mortgage servicing software used by you, any servicers, or sub-servicer of the mortgage account from the inception of the loan to the date written above.

2. All descriptions and legends of all Codes used in your mortgage servicing and accounting system so that the examiners, auditors and experts retained to audit and review the mortgage account may properly conduct their work.

3. All purchase and sale of mortgage agreements, sale or transfer of servicing rights or other similar agreement related to any assignment, purchase or sale of the mortgage loan or servicing rights by you, any broker, affiliate company, parent company, servicers, bank, government sponsored enterprise, sub-servicers, mortgage broker, mortgage banker or any holder of any right related to the mortgage, promissory note and deed of trust from the inception of the loan to the present date.

4. All prospectus' related to the sale or transfer of the note, deed of trust, mortgage and servicing rights or other similar agreement related to any assignment, purchase or sale of the mortgage loan or servicing rights by you, any broker, affiliate company, parent company, servicers, bank, government sponsored enterprise, sub-servicers, mortgage broker, mortgage banker or any holder of any right related to the mortgage, promissory note and deed of trust from the inception of the loan to the present date.

5. All assignments, transfers, alonges, or other document evidencing a transfer, sale or assignment of the mortgage, deed of trust, promissory note or other document that secures payment by the homeowner and their obligation in this account from the inception of the loan to the present date.

6. All deeds in lieu, modifications to the mortgage, promissory note or deed of trust from the inception of the loan to the present date.

7. The front and back of each and every canceled check, money order, draft, debit or credit notice issued to any servicer of the account for payment of any monthly payment, other payment, escrow charge, fee or expense on the account.

8. All escrow analyses conducted on the account from the inception of the loan until the date of this letter;

**THE FRESH START FIRM, LLC**
**3240 East Union Hills Drive, Suite 137, Phoenix, Arizona 85050**
**Toll Free (877) 297-7011   Facsimile (877) 722-7177**



**Aggressive Credit & Mortgage Help.**
**You Deserve an Expert in Your Corner!**

9.  The front and back of each and every canceled check, draft or debit notice issued for payment of closing costs, fees and expenses listed on the disclosure statement including, but not limited to, appraisal fees, inspection fees, title searches, title insurance fees, credit life insurance premiums, hazard insurance premiums, commissions, attorney fees, points, etc.

10. Front and back copies of all payment receipts, checks, money orders, drafts, automatic debits and written evidence of payments made by the homeowner or by others on the account.

11. All letters, statements and documents sent to the homeowner by your company;

12. All letters, statements and documents sent to the homeowner by agents, attorneys or representatives of your company;

13. All letters, statements and documents sent to the homeowner by previous servicers, sub-servicers or others in your loan file or in your control or possession or in the control or possession of any affiliate, parent company, agent, sub-servicer, servicer, attorney or other representative of your company.

14. All letters, statements and documents contained in the loan file or imaged by you, any servicer or sub-servicers of the mortgage from the inception of the loan to present date.

15. All electronic transfers, assignments, sales of the note, mortgage, deed of trust or other security instrument.

16. All copies of property inspection reports, appraisals, BPOs and reports done on the property.

17. All invoices for each charge such as inspection fees, BPOs, appraisal fees, attorney fees, insurance, taxes, assessments or any expense which has been charged to the mortgage account from the inception of the loan to the present date.

18. All checks used to pay invoices for each charged such as inspection fees, BPOs, appraisal fees, attorney fees, insurance, taxes, assessments or any expense which has been charged to the mortgage account from the inception of the loan to the present date.

19. All agreements, contracts and understandings with vendors that have been paid for any charge on the account from the inception of my loan to the present date.

20. All loan servicing records, payment payoffs, payoff calculations, ARM audits, interest rate adjustments, payment records, transaction histories, loan histories, accounting records, ledgers, and documents that relate to the accounting of the loan from the inception of the loan until present date?

21. All loan servicing "transaction" records, ledgers, registers and similar items detailing how the loan has been serviced from the from the inception of the loan until present date?

**THE FRESH START FIRM, LLC**
**3240 East Union Hills Drive, Suite 137, Phoenix, Arizona 85050**
**Toll Free (877) 297-7011   Facsimile (877) 722-7177**



**Aggressive Credit & Mortgage Help.
You Deserve an Expert in Your Corner!**

Further, in order to conduct the audit and review of the account, and to determine all proper amounts due, we need the following answers to questions concerning the servicing and accounting of the mortgage account from its inception to the present date. Accordingly, can you please provide us, in writing, the answers to the questions listed below.

## LOAN ACCOUNTING & SERVICING SYSTEMS

1) Please identify for us each loan accounting and servicing system used by you and any sub-servicer or previous servicer from the inception of the loan to the present date?

2) For each loan accounting and servicing system identified by you and any sub-servicer or previous servicer from the inception of the loan to the present date, please provide the name and address of the company or party that designed and sold the system?

3) For each loan accounting and servicing system used by you and any sub-servicer or previous servicer from the inception of the loan to the present date, please provide the complete transaction code list for each system.

## DEBITS & CREDITS

1) In a spreadsheet form or in letter form in a columnar format, please detail for us each and every credit on the account and the date such credit was posted to the account as well as the date any credit was received.

2) In a spreadsheet form or in letter form in a columnar format, please detail for us each and every debit on the account and the date such credit was posted to the account as well as the date any debit was received.

3) For each debit or credit listed, please provide us with the definition for each corresponding transaction code you utilize?

4) For each transaction code, please provide us with the master transaction code list used by you or previous servicers.

## MORTGAGE & ASSIGNMENTS

1) Has each sale, transfer or assignment of my mortgage or promissory note or any other instrument I executed to secure my debt been recorded in the county property records in the county and state in which my property is located from the inception of the loan to the present date? Yes or No?

2) If no, why?

**THE FRESH START FIRM, LLC**
**3240 East Union Hills Drive, Suite 137, Phoenix, Arizona 85050**
**Toll Free (877) 297-7011   Facsimile (877) 722-7177**



**Aggressive Credit & Mortgage Help.**
**You Deserve an Expert in Your Corner!**

3) Have any sales, transfers or assignments of the mortgage or promissory note or any other instrument executed to secure the debt been recorded in any electronic fashion such as MERS or other internal or external system from the inception of the loan to the present date? Yes or No?

4) If yes, please detail for us the names of each seller, purchaser, assignor, assignee or any holder in due course to any right or obligation of any note, mortgage, deed or security instrument executed securing the obligation on the account that was not recorded in the county records where the property is located.


ATTORNEY FEES

1) For purposes of our questions below dealing with attorney fees, please consider the terms "attorney fees" and "legal fees" to be one in the same.

2) Have attorney fees ever been assessed to the account from the inception of the loan to the present date?

3) If yes, please detail each separate assessment of attorney fees to the account from the inception of the loan to the present date and the date of such assessment to the account?

4) Have attorney fees ever been charged to the account from the inception of the loan to the present date?

5) If yes, please detail each separate charge of attorney fees to the account from the inception of the loan to the present date and the date of such charge to the account?

6) Have attorney fees ever been collected from the account from the inception of the loan to the present date?

7) If yes, please detail each separate collection of attorney fees from the account from the inception of the loan to the present date and the date of such collection from the account?

8) Please provide for us the name and address of each attorney or law firm that has been paid any fees or expenses related to the account from the inception of the loan to the present date?

9) Please identify for us in writing the provision, paragraph, section or sentence of any note, mortgage, deed of trust or any agreement I signed authorized the assessment or collection of attorney fees?

10) Please detail and list for us in writing each separate attorney fee assessed to the account and for which corresponding payment period or month such late fee was assessed from the inception of the loan to present date.

11) Please detail and list for us in writing each separate attorney fee collected from the account and for which corresponding payment period or month such late fee was collected from the inception of the loan to present date.


**THE FRESH START FIRM, LLC**
**3240 East Union Hills Drive, Suite 137, Phoenix, Arizona 85050**
**Toll Free (877) 297-7011   Facsimile (877) 722-7177**



**THE FRESHSTART FIRM**

**Aggressive Credit & Mortgage Help.**
**You Deserve an Expert in Your Corner!**

12) Please detail and list for us in writing any adjustments in attorney fees assessed and on what date such adjustment was made and the reasons for such adjustment.

13) Please detail and list for us in writing any adjustments in attorney fees collected and on what date such adjustment were made and the reasons for such adjustment.

14) Has interest been charged on any attorney fee assessed or charged to the account? Yes or No?

15) Is interest allowed to be assessed or charged on attorney fees charged or assessed to the account? Yes or No?

16) How much in total attorney fees have been assessed to the account from the inception of the loan until present date?  $_____

17) How much in total attorney fees have been collected on the account from the inception of the loan until present date?  $_____

SUSPENSE/UNAPPLIED ACCOUNTS

1) For purposes of this section, please treat the term "suspense account" and "unapplied account" as one in the same.

2) Has there been any suspense or unapplied account transactions on the account from the inception of the loan until present date?

3) If yes, why?  If no, please skip the questions in this section dealing with suspense and unapplied accounts.

4) In a spreadsheet or in letterform in a columnar format, please detail for us each and every transaction, both debits and credits that has occurred on the account from the inception of the loan until present date?

LATE FEES

1) For purposes of my questions below dealing with late fees, please consider the terms "late fees" and "late charges" to be one in the same.

2) Have you reported the collection of late fees on the account as interest in any statement to the homeowner or to the IRS?  Yes or No?

3) Has any previous servicer or sub-servicer of the mortgage reported the collection of late fees on the account as interest in any statement to homeowner or to the IRS?  Yes or No?



**Aggressive Credit & Mortgage Help.**
**You Deserve an Expert in Your Corner!**

4) Do you consider the payment of late fees as liquidated damages to you for not receiving the payment on time? Yes or No?

5) Are late fees considered interest? Yes or No?

6) Please detail for us in writing what expenses and damages you incurred for any payment that was made late.

7) Were any of these expenses or damages charged or assessed to the account in any other way? Yes or No?

8) If yes, please describe what expenses or charges were charged or assessed to the account?

9) Please describe for us in writing what expenses you or others undertook due to any payment I made which was late?

10) Please describe for us in writing what damages you or others undertook due to any payment the homeowner made which was late?

11) Please identify for us in writing the provision, paragraph, section or sentence of any note, mortgage, deed of trust or any agreement the homeowner signed authorized the assessment or collection of late fees?

12) Please detail and list for us in writing each separate late fee assessed to the account and for which corresponding payment period or month such late fee was assessed from the inception of the loan to present date.

13) Please detail and list for us in writing each separate late fee collected from the account and for which corresponding payment period or month such late fee was collected from the inception of the loan to present date.

14) Please detail and list for us in writing any adjustments in late fees assessed and on what date such adjustment was made and the reasons for such adjustment.

15) Please detail and list for us in writing any adjustments in late fees collected and on what date such adjustment was made and the reasons for such adjustment.

16) Has interest been charged on any late fee assessed or charged to the account? Yes or No?

17) Is interest allowed to be assessed or charged on late fees charged or assessed to the account? Yes or No?

18) Have any late charges been assessed to the account? Yes or No?

19) If yes, how much in total late charges have been assessed to the account from the inception of the loan until present date? $_____

**THE FRESH START FIRM, LLC**
**3240 East Union Hills Drive, Suite 137, Phoenix, Arizona 85050**
**Toll Free (877) 297-7011   Facsimile (877) 722-7177**



**Aggressive Credit & Mortgage Help**
**You Deserve an Expert in Your Corner!**

20) Please provide us with the exact months and or payment dates you or other previous servicers of the account and claim of the homeowner having been late with a payment from the inception of the loan to the present date.

21) Have late charges been collected on the account from the inception of the loan until present date?  Yes or No?

22) If yes, how much in total late charges have been collected on the account from the inception of the loan until present date?  $_____

PROPERTY INSPECTIONS

1) For purposes of this section "property inspection" and "inspection fee" refer to any inspection of the property by any source and any related fee or expense charged for such inspection.

2) Have any property inspections been conducted on the property from the inception of the loan until the present date?

3) If your answer is no, you can skip the rest of these questions in this section concerning property inspections?

4) If yes, please tell us the date of each property inspection conducted on the property that is the secured interest for the mortgage, deed or note?

5) Please tell us the price charged for each property inspection?

6) Please tell us the date of each property inspection?

7) Please tell us the name and address of each company and person who conducted each property inspection on the property?

8) Please tell us why property inspections were conducted on the property?

9) Please tell us how property inspections are beneficial to the homeowner.

10) Please tell us how property inspections are protective of the property.

11) Please explain to us your policy on property inspections.

12) Do you consider the payment of inspection fees as a cost of collection? Yes or No?

13) If yes, why?

14) Do you use property inspections to collect debts?  Yes or No?

**THE FRESH START FIRM, LLC**
**3240 East Union Hills Drive, Suite 137, Phoenix, Arizona 85050**
**Toll Free (877) 297-7011   Facsimile (877) 722-7177**



**Aggressive Credit & Mortgage Help.
You Deserve an Expert in Your Corner!**

15) Have you used any portion of the property inspection process on the property to collect a debt or inform the homeowner of a debt, payment or obligation they owe?

16) If yes, please answer when and why?

17) Please identify for us in writing the provision, paragraph, section or sentence of any note, mortgage, deed of trust or any agreement the homeowner signed authorized the assessment or collection of property inspection fees?

18) Have you labeled in any record or document sent to the homeowner a property inspection as a misc. advance? Yes or No?

19) If yes, why?

20) Have you labeled in any record or document sent to the homeowner a property inspection as a legal fee or attorney fee? Yes or No?

21) If yes, why?

22) Please detail and list for us in writing each separate inspection fee assessed to the account and for which corresponding payment period or month such fee was assessed from the inception of the loan to present date.

23) Please detail and list for us in writing each separate inspection fee collected from the account and for which corresponding payment period or month such fee was collected from the inception of the loan to present date.

24) Please detail and list for us in writing any adjustments in inspection fees assessed and on what date such adjustment was made and the reasons for such adjustment.

25) Please detail and list for us in writing any adjustments in inspection fees collected and on what date such adjustment was made and the reasons for such adjustment.

26) Has interest been charged on any inspection fees assessed or charged to the account? Yes or No?

27) If yes, when and how much was charged?

28) Is interest allowed to be assessed or charged on inspection fees charged or assessed to the account? Yes or No?

29) How much in total inspection fees have been assessed to the account from the inception of the loan until present date? $_____

**THE FRESH START FIRM, LLC
3240 East Union Hills Drive, Suite 137, Phoenix, Arizona 85050
Toll Free (877) 297-7011   Facsimile (877) 722-7177**



**FRESHSTART**
F I R M

**Aggressive Credit & Mortgage Help.
You Deserve an Expert in Your Corner!**

30) How much in total inspection fee have been collected on the account from the inception of the loan until present date?  $_____

## BPO FEES

1) Have any BPOs [Broker's Price Opinions] been conducted on the property?

2) If yes, please tell us the date of each BPO conducted on the property that is the secured interest for the mortgage, deed or note?

3) Please tell us the price of each BPO?

4) Please tell us who conducted each BPO?

5) Please tell us why BPOs were conducted on the property

6) Please tell us how BPOs are beneficial to the homeowner.

7) Please tell us how BPOs are protective of the property.

8) Please explain to us your policy on BPOs.

9) Have any BPO fees been assessed to the account?  Yes or No?

10) If yes, how much in total BPO fees have been assessed to the account?  $_____

11) Have any BPO fees been charged to the account?  Yes or No?

12) If yes, how much in total BPO fees have been charged to the account?  $_____

13) Please tell us specifically what clause, paragraph and sentence in the note, mortgage or deed of trust or any agreement I have executed allows you to assess, charge or collect a BPO fee from the homeowner.

## SERVICING RELATED QUESTIONS

For each of the following questions listed below, please provide us with a detailed explanation in writing that answers each question:

**THE FRESH START FIRM, LLC
3240 East Union Hills Drive, Suite 137, Phoenix, Arizona 85050
Toll Free (877) 297-7011   Facsimile (877) 722-7177**



**FRESHSTART**
F I R M

**Aggressive Credit & Mortgage Help.
You Deserve an Expert in Your Corner!**

In addition, we need the following answers to questions concerning the servicing of the mortgage account from its inception to the present date.  Accordingly, can you please provide us, in writing, the answers to the questions listed below:

1) Did the originator of the loan have any financing agreements or contracts with your company?

2) Did the originator of the loan have a warehouse loan agreement or contract with your company?

3) Did the originator of the loan receive any compensation, fee, commission, payment, rebate or other financial consideration from your company or any affiliate of your company for handling, processing, originating or administering the loan?  If yes, please describe and itemize each and every form of compensation, fee, commission, payment, rebate or other financial consideration paid to the originator of the loan by your company or any affiliate.

4) Please identify for us where the originals of the entire loan file are currently located and how they are being stored, kept and protected?

5) Where the "original" promissory note or mortgage the homeowner is signed located?  Please describe its physical location and anyone holding this note as a custodian or trustee if applicable.

6) Where is the "original" deed of trust the homeowner signed located?  Please describe its physical location and anyone holding this note as a custodian or trustee if applicable.

7) Since the inception of the loan, has there been any assignment of the promissory note or mortgage to any other party?  If the answer is yes, would you kindly identify the names and addresses of each and every individual, party, bank, trust or entity that has received such assignment.

8) Since the inception of the loan, has there been any assignment of the deed of trust to any other party?  If the answer is yes, would you kindly identify the names and addresses of each and every individual, party, bank, trust or entity that has received such assignment.

9) Since the inception of the loan, has there been any sale or assignment of servicing rights to the mortgage loan to any other party?  If the answer is yes, would you kindly identify the names and addresses of each and every individual, party, bank, trust or entity that has received such assignment or sale.

10) Since the inception of the loan, has any sub-servicer serviced any portion of the mortgage loan?  If the answer is yes, would you kindly identify the names and addresses of each and every individual, party, bank, trust or entity that has sub-serviced the mortgage loan.

11) Has the mortgage loan been made a part of any mortgage pool since the inception of the loan?  If yes, please identify for us me each and every loan mortgage pool that the mortgage has been a part of from the inception of the loan to the present date.

**THE FRESH START FIRM, LLC**
**3240 East Union Hills Drive, Suite 137, Phoenix, Arizona 85050**
**Toll Free (877) 297-7011   Facsimile (877) 722-7177**

**Aggressive Credit & Mortgage Help.**
**You Deserve an Expert in Your Corner!**

12) Has each and every assignment of the mortgage or promissory note been recorded in the county land records where the property associated with the mortgage loan is located?

13) Has there been any "electronic" assignment of the mortgage with MERS or any other computer mortgage registry service or computer program? If yes, please identify the name and address of each and every individual.

14) Have there been any "investors" who have participated in any mortgage backed security, collateral mortgage obligation or other mortgage security instrument that the mortgage loan has ever been a part of from the inception of the mortgage to the present date? If yes, please identify the name and address of each and every individual, entity, organization or

15) Please identify for us the parties and their addresses to all sales contracts, servicing agreements, assignments, alonges, transfers, indemnification agreements, recourse agreements and any agreement related to the loan from its inception to the current date written above.

16) Please provide us with copies of all sales contracts, servicing agreements, assignments, alonges, transfers, indemnification agreements, recourse agreements and any agreement related to the loan from its inception to the current date written above.

Please provide us with the documents we have requested and a detailed answer to each of the questions within the required lawful time frame. **Upon receipt of the documents and answers, an exam and audit will be conducted that may lead to a further document request and answers to questions under an additional QWR letter.**

Copies of this Qualified Written Request, Validation of Debt, request for accounting and legal records, Dispute of Debt letter is being sent to HUD, all relevant state and federal regulators; local predatory lending task forces; other consumer advocates; the homeowners' congressman and various class action law firms.

It is our desire that you can answer our questions, document and validate the debt to the penny and correct and make right any errors uncovered.

Sincerely,

Derrick W. Spearman

---

**THE FRESH START FIRM, LLC**
**3240 East Union Hills Drive, Suite 137, Phoenix, Arizona 85050**
**Toll Free (877) 297-7011   Facsimile (877) 722-7177**



Aggressive Credit & Mortgage Help
You Deserve an Expert in Your Corner!

Copies to:

**American Servicing Company**

**Department of Financial Institutions**

**Consumer Financial Protection Bureau**

**U.S. Federal Reserve**

**U. S. Department of Housing & Urban Development**

# EXHIBIT 3



| PHILLIP A. NORMAN, ESQ.<br>Admitted in IN | GARY MARINOSCI, ESQ.<br>Admitted in RI & MA | CHRISTOPHER BAXTER, ESQ.<br>Admitted in AR & TX |
|---|---|---|
| CHAD MORRONE, ESQ.<br>Admitted in MA | | STEVE AUTIERI, ESQ.<br>Admitted in NH & MA |
| GREGG DREILINGER, ESQ.<br>Admitted in FL | ROBERT COLEMAN, ESQ.<br>Admitted in AR & TN | LARRY M. GARFINKEL, ESQ.<br>Admitted in CT |

November 22, 2013

91 7199 9991 7032 1118 4780

Joy E. Gonzalez
13 Upland Drive
Franklin, NH 03235-1546

      Re:    13 Upland Drive
               Franklin, New Hampshire
               Loan No.: 1317008548
               MLG File No.: 13-08555FC

Dear Ms. Gonzalez:

      Please be advised that this office represents Wells Fargo Bank N.A., servicer for investor U.S. Bank National Association, as Trustee for Banc of America Funding Corporation 2007-3, (the "Lender"), current holder of that certain mortgage given by Joy E. Gonzalez and Ernesto L. Gonzalez to Mortgage Electronic Registration Systems, Inc., as nominee for American Home Mortgage Corp. dated February 7, 2007 (the "Mortgage"), encumbering certain real property and improvements thereon located at 13 Upland Drive, Franklin, New Hampshire, which secures that certain promissory note (the "Note") executed by Joy E. Gonzalez.

      Please be advised that the Note is in default for breach of the conditions contained in the Loan Documents, including your failure to make monthly payments due under the Note. The Lender does hereby elect to accelerate said Note and declares the entire balance due and payable forthwith and without further notice.

      As of the date of this letter, the amount secured under the mortgage loan is $198,188.14. Because of interest, late charges and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For further information, write or call the undersigned.

275 West Natick Road, Suite 500, Warwick, RI 02886       Phone (401) 234-9200 Facsimile (401) 398-2594

# EXHIBIT 4

April 14, 2014

Dear New Hampshire Attorney General:

Wells Fargo Home Mortgage is currently servicing my mortgage loan. Per the National Mortgage Settlement in 2012, Wells Fargo agreed to comply with proper loan modification processing after document submission. I have been submitted all necessary documentation since October 2013 and Wells Fargo has never processed the documentation and always asked me to resubmit everything. I have all the records associated conversation and demands associated with my loan modification case. Most recently our conversation with Cade ID # Z9Q on 04.04.14, we were advised that all documentation was received in order to process the loan modification. Brett ID # 54X advised on 04.15.14 that certain documents were missing and the modification could not be processed. These particular deceptive acts relating to loan modification processing were banned per the National Mortgage Settlement. Wells Fargo is in violation of the laws surrounding the National Mortgage Settlement. Wells Fargo has been very uncooperative during this entire process. Wells Fargo has constantly changed "designated points of contact" on my case. Wells Fargo will not return my phone calls regarding my case. Wells Fargo claims that the case is assigned to Amanda Gilliam, but she never returns the messages we leave for her. Most importantly, Wells Fargo has set a sale date on my property for April 22, 2014. I have lived in my home for over 12 years and definitely want to save it. I am hoping that you can help me. Feel free to call me at 603.455.0422 or email me at klusher2005@yahoo.com. Thank you in advance for your help.

Joy Gonzalez                           Ernesto Gonzalez

# EXHIBIT 5

# ATTORNEY GENERAL
## DEPARTMENT OF JUSTICE

33 CAPITOL STREET
CONCORD, NEW HAMPSHIRE 03301-6397

JOSEPH A. FOSTER
ATTORNEY GENERAL



ANN M. RICE
DEPUTY ATTORNEY GENERAL

November 14, 2013

Joy Gonzalez
13 Upland Drive
Franklin, NH  03235

Re:   Wells Fargo Home Mortgage
Our File No.  2013106847

Dear Ms. Gonzalez:

This office has received and reviewed your recent complaint regarding the handling of your mortgage by Wells Fargo Home Mortgage.  I am sorry to learn of your difficulties.

Pursuant to a recent settlement between Wells Fargo Home Mortgage and the federal government and a number of states, including the State of New Hampshire, you may be eligible for loan modification, refinancing or other compensation.  To determine if you are eligible for any benefits pursuant to this settlement you should contact Wells Fargo Home Mortgage.  You may also obtain information regarding this multi-state settlement at **www.NationalMortgageSettlement.com**.

I have forwarded your complaint to Wells Fargo Home Mortgage for review under the National Mortgage Settlement.  I have further provided a copy to the New Hampshire Banking Department for coordinated submission to the federal or state banking agency with appropriate jurisdiction.  However, I urge you to take advantage of the other benefits funded pursuant to the National Mortgage Settlement.  Under the HOMEHELPNH statewide foreclosure and mortgage counseling initiative, housing counseling agencies are available free of charge to assist with your mortgage related or foreclosure related issues by calling 2-1-1 or going onto the website HOMEHELPNH.ORG.  Further under the initiative, homeowners may contact the New Hampshire Legal Advice and Referral Center (LARC) at 1-877-399-9995, who may assist you with the legal issues surrounding your mortgage or pending foreclosure. Borrowers who seek assistance from these organizations are more likely to be successful in resolving their mortgage issues.

# EXHIBIT 6

Case No. 13–12927–JMD
Chapter 7

In re Debtor(s) (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):

Joy E. Gonzalez
aka Joy E. Griffith
13 Upland Drive
Franklin, NH 03235

Ernesto L. Gonzalez
13 Upland Drive
Franklin, NH 03235

Social Security / Individual Taxpayer ID No.:
   xxx–xx–1493

xxx–xx–8604

Employer Tax ID / Other nos.:

# DISCHARGE OF JOINT DEBTORS

It appearing that the debtors are entitled to a discharge,

**IT IS ORDERED:**

The debtor is granted a discharge under section 727 of title 11, United States Code, (the Bankruptcy Code).

BY THE COURT

Dated: 3/5/14

/s/ J. Michael Deasy
United States Bankruptcy Judge

**SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION.**

16509040883015